FILED

IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.

★ SEP 1 6 2005 ★

TIME A.M._____
P.M._____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

United States of America

    - against -

Maia Eubanks

      Defendant.

-------------------------------------X

CV-05-3286(CPS)

MEMORANDUM
AND ORDER

SIFTON, Senior Judge

On July 28, 2004, upon her plea of guilty to importing cocaine into the United States in violation of 21 U.S.C. §960, this Court sentenced defendant Maia Eubanks to 30 months imprisonment with a recommendation that she be accepted in the Bureau of Prisons Intensive Confinement Program ("Boot Camp"). Although Eubanks was accepted into the Boot Camp and began her service there on October 11, 2004, the Boot Camp program was terminated for budgetary reasons on January 25, 2005. Thereafter Eubanks was incarcerated in a prison in Bryan, Texas. Eubanks now moves for a re-sentencing pursuant to 28 U.S.C. §2255 on the grounds that her sentence was based on a false assumption of facts.

## BACKGROUND

The following facts are taken from the submissions of the parties in connection with this motion. The facts are undisputed.

In December 2003 Amy Kerr recruited Eubanks and her co-

defendant Elizabeth Hay to travel to St. Vincent and return with
drugs in their luggage. Eubanks was promised $4,000 for her role
in the venture. Eubanks and her co-defendant were arrested at
J.F.K. with more than five kilograms of cocaine between them.
Although they agreed to cooperate with custom agents, and Ms.
Kerr was subsequently arrested, the U.S. Attorney's office
declined to prosecute Kerr because they could not corroborate the
testimony against her by Eubanks and Hay. Thus, there is no 5K1
letter from the government.

On March 17, 2004, Eubanks pled guilty to conspiring to
import cocaine into the United States, in violation of 21 U.S.C.
§963. As part of her plea agreement, Eubanks agreed not to appeal
or otherwise challenge her conviction or sentence if she was
sentenced to a term of imprisonment of 63 months or less. At the
plea allocution, Magistrate Judge Viktor Pohorelsky emphasized to
defendant that if she were sentenced to 63 month's imprisonment
or less she would not be able to challenge her conviction or
sentence. Eubanks stated that she understood and accepted this
waiver.

On July 28, 2004, this Court sentenced Eubanks to 30 months
imprisonment, a three-year term[1] of supervised release, and a

---

[1] The guidelines sentence for Ms. Eubanks was 37-46 months imprisonment.
This court departed two levels from Offense Level 21 to Offense Level 19, thus
reaching the 30 month period, on the basis of Extraordinary Family
Circumstances. Such departure was appropriate largely because Ms. Eubanks is a
single mother, singlehandedly supporting her only daughter.

$100 special assessment. The Court recommended the boot camp program. However, the Court and defense counsel made clear to Eubanks and her co-defendant that the decision to accept them into the Boot Camp program was in the sole discretion of the Bureau of Prisons. Moreover, the Court refused to "depart further against the possibility that they won't be admitted to boot camp" because the Court believed that a 30 month sentence was appropriate given the seriousness of the offense and the need for deterrence. Sent. Trans. pg. 26.

Eubanks was accepted into the Boot Camp and began her service there on October 11, 2004. The Boot Camp program was terminated for budgetary reasons on January 25, 2005. Thereafter Eubanks was incarcerated in a prison in Bryan, Texas. This Court requested that defendant be moved closer to her family, whereupon the Bureau of Prisons moved her to West Virginia, where she has remained until this day.

Eubanks did not appeal her conviction or sentence. However, on March 7, 2005 Eubanks applied for re-sentencing, on the grounds of the Supreme Court decisions in *Booker* and *Fanfan* and the termination of the Boot Camp program. The Court denied the application without prejudice to its renewal by notice of motion.

## DISCUSSION

Waiver of the right to appeal is enforceable where the

waiver was knowing and voluntary. *United States v. Yemitan*, 70
F.3d 746, 747 (2d Cir. 1995). Eubanks does not dispute that her
waiver was knowing and voluntary. The plea agreement specifically
provided that Eubanks would not challenge her conviction or
sentence so long as such sentence was 63 months or less. At the
plea proceeding before Magistrate Judge Pohorelsky, Eubanks again
acknowledged that she waived her right to appeal. This waiver is
enforceable "regardless whether the claim arose before or after
the waiver was entered." *Garcia-Santos v. United States,* 273 F.
3d 506 (2d Cir. 2001). Thus, it is of no significance that
defendant's grounds for appeal arose after her execution of the
plea agreement and her waiver of her right to appeal.

Even if defendant's waiver did not now preclude appeal, her
motion would still fail. Defendant relies on *United States v.
Malcolm*, 432 F.2d 809, 815 (2d Cir. 1970) for the proposition
that "material false assumptions as to any facts relevant to
sentencing, renders the entire sentencing procedure invalid as a
violation of due process." However, in this case, neither the
Court nor Ms. Eubanks entertained any "material false
assumptions." Although the Court agreed to recommend the Boot
Camp, the Court specifically noted that placement in the Boot
Camp was at the discretion of the Bureau of Prisons. Moreover,
the Court expressly considered the possibility that defendant
would not be accepted into the Boot Camp and would thus have to

serve the full 30 month sentence. Despite this, the Court chose not to depart downward further because the Court believed that the 30 month sentence was appropriate in this case given the seriousness of the offense and the need for deterrence.

Defendant directs the Court's attention to *U.S. v. Coleman*, 2005 WL 233825 (D.Conn. 2005). There a judge departed downward in order to allow defendant to enter the Boot Camp program. When the program was abolished, the defendant successfully moved to be resentenced since the judge's "material false assumption" that the program was available tainted the sentencing. However, Coleman is distinguishable from the present case because in the present case the Court did not rely on the availability of a particular prison program, but rather considered the possibility that such a program would be unavailable, and declined to decrease the sentence because of that possibility.

## CONCLUSION

For the reasons set forth above, defendant's motion to vacate, set aside, or correct her sentence is denied. The Court will, however, again recommend to the Bureau of Prisons that defendant be transferred for the balance of her sentence to a location closer to her impoverished family in the New York Metropolitan area.

The clerk is directed to furnish a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          September 13, 2005

_____
United States District Judge